BUCHANAN et al. v. BRYANT ELECTRIC CO.

(Circuit Court of Appeals, Third Circuit. February 24, 1904.)

No. 40.

1. PATENTS—INFRINGEMENT—INCANDESCENT LAMP SOCKETS.

The Lange patent, No. 434,153, for an incandescent lamp socket, claims 1 and 2, were not anticipated, and disclose patentable invention. Also held infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 124 Fed. 537.

Edward P. Payson, for appellants.

Hubert Howson, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree for an injunction and an accounting in a suit which was brought by the appellee against the appellants upon letters patent No. 434,153, dated August 12, 1892, issued to Philip Lange, for incandescent lamp sockets. The claims involved are:

"(1) In a key-socket, the combination, with the base, of the base-plate contained therein, screws passing through the sides of the base holding said base-plate in position, lugs carried by the base through which said screws pass, and a recess in the base-plate fitting over the lugs.

"(2) In a key-socket, the combination, with the base, of the base-plate contained therein, screws passing through the sides of the base holding said base-plate in position, lugs carried by the base through which said screws pass, and a shell extending between the lugs and the base, and held in position by pressure."

The specifications of error which relate to the defense of anticipation have not been insisted upon, and from the brief of appellants it appears that the contentions upon which they do rely are (1) that, in view of the prior state of the art, the claims sued on are both invalid for lack of invention; (2) that claim 2, at least, is void, because it contains "nothing patentable over claim 1"; (3) noninfringement of either claim.

We find nothing in this record to sustain the appellants' contention that the production of the subject-matter of these claims did not involve invention. The proofs clearly show that the sockets previously in use were unsatisfactory, and that they were practically superseded by the Lange sockets; and while such facts do not in all cases necessarily import invention, we think that under the circumstances of this case the inference that the inventive faculty, and not merely the skill of the calling, was exercised, cannot be avoided. The construction of a socket to meet practical requirements, presented a problem of much difficulty, and it was to that problem that Lange directed his attention. As stated in his specification, his object was "to simplify and improve the mechanical construction of the device, and thereby lessen its parts and increase its durability," and this object he attained by the assembling of the three main parts

or division of the structure—the base, the mechanism, and the exterior shell—into one unit mechanically, in a convenient, strong, and serviceable manner. As complainant's expert correctly explained, claims 1 and 2 "have particular reference to those features of the construction by which the several parts are adapted to one another and held together." Claim 1 "is addressed to the union of the socket-base with the base-plate of the interior mechanism by means of the lugs, * * * and into which the screws are threaded, and through which they pass into the recesses in the base-plate whereby the interior mechanism is held in position, whether the exterior shell is present or not, and permitting the removal of the latter, while the base-plate, with its connection and the wires leading thereto, remain undisturbed"; and claim 2 "is evidently directed to the method of holding the exterior shell by clamping it in position between the lugs and the base, whereby a strong gripping pressure is exerted to hold the shell against displacement by rough handling, the weight of the shade, and the like, while permitting it to be quickly and readily removed by the simple loosening of the two screws." The beneficial result achieved was a construction in which a base of thin sheet metal could be used, while at the same time providing a satisfactory means of uniting and fastening the several parts; and this was accomplished, not by borrowing anything from the prior art, nor by applying to it the skill of a mechanic or electrical engineer, but by the conception and adoption of means which the existing art, as disclosed by the prior patents adduced by the defendants, did not have nor suggest. We are satisfied that the views of the complainant's expert respecting them are correct, and, accepting his testimony, without expanding this opinion by quoting it, it results that we cannot affirm the appellants' proposition that "the Lange apparatus did not involve any act of invention, or anything more than the expected skill of the calling, applied to the existing art."

Each of these claims is for a combination, and, though it is true that several important elements are common to both of them, yet claim 1 calls for a recess in the base-plate fitting over the lugs, while claim 2 does not; and claim 2 not only contains the first mention of a shell, but also defines the particular shell intended as "a shell extending between the lugs and base, and held in position by pressure." Hence it appears that the two claims are certainly not identical, and, in our opinion, the difference between them is, with reference to the patent law, a substantial and material one. As has already been said, claim 2 is directed to the method of holding the exterior shell by clamping it in position between the lugs and base, whereby a strong gripping pressure is exerted to hold the shell against displacement; and this the specification makes perfectly plain. It says:

"The screws, b, pass freely through the flange of the base, and screw into the lugs, and by means of them the outer shell * * * may be held firmly between the flange of the base and the lug. * * * When the screws are tightened, they pinch the shell between the flange of the base, a, and the lugs, b, holding them securely in position."

The feature here referred to is, we think, a manifestly important part of the invention. It is not, as has been argued, merely functional. It is constructive, the construction for which it provides being a socket in which the shell of claim 2 is held in position by pressure of the screws mentioned in both claims. Therefore we cannot agree that claim 2 "contains nothing patentable over claim 1."

The appellants' propositions upon the question of infringement are that "the appellants' apparatus is not an infringement, * * * because, so far as claim 1 is concerned, it has neither the recess, b³, nor any equivalent thereof," and because, as to claim 2 it "does not rely upon pressure to hold its shell in position, but upon a bayonet joint." It is true that the appellants' recesses appear to be shallower and wider than those shown in the patent in suit; but that they actually exist, and, notwithstanding their apparent differences, serve the same purpose as those of the patentee, and accomplish that purpose in substantially the same way, though perhaps not so efficiently, we think is obvious. Therefore, though not proportionally and in shape the same, in all that is essential they are identical. The testimony of complainant's expert upon this subject is convincing; and from his elucidation of the prior art, which we agree with the court below in approving, it clearly appears that it exhibits nothing which would justify us in so limiting this recess feature of the Lange construction as to admit of the appropriation of the entire combination of which it is an element, by any one ingenious enough to devise such merely colorable changes in that feature as are relied upon by these defendants to relieve them from the charge of infringement.

As to the contention that in the appellants' apparatus pressure is not relied upon to hold the shell in position, we need only say that an inspection of that apparatus, and examination of the evidence, leaves us in no doubt that the court below was right in finding that the shell is, in fact, held in position by pressure, and we adopt the statement of the learned judge of that court that "inspection of the two sockets will show at once, * * * that there is scarcely any room to dispute that in each the shell is held in place by the same means, and that the bayonet joint of the defendants' socket would be ineffective without the screws." Indeed, this was, in effect, admitted by Mr. Proctor, a witness for the defendants below. He testified that it is the duty of the wire man in putting up the defendants' sockets, after he has fitted the shell to the cap, to screw up the screws as far as they will go; that, if the screw is tightened as much as possible, the shell will be held tightly between the lugs and the flange of the cap; and that "the purpose of screwing up these screws as far as they will go is to hold all the parts of the socket together as firmly as possible."

For the reasons stated, we are of opinion that the Circuit Court was right in holding that the claims in suit were valid, and that they had been infringed by the appellants, and therefore the decree of that court is affirmed, with costs.